IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                    Case No. 1:26-cr-00497-KWR

BONIFACIO SILVA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion to Produce Juvenile Court and Law Enforcement Records (Doc. 22). For the reasons stated below, the Court finds that the Government's request meets the requirements of Fed. R. Crim. P. 17(c) as it relates to Defendant's 2024 juvenile offense. Thus, the motion is well-taken in part and, therefore, is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Defendant is charged with second degree murder, in violation of 18 U.S.C. §§ 1152 and 1111, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 13 (Redacted Indictment). Included in the Government's initial discovery and the pretrial services report was a reference to a 2024 juvenile offense committed in Oregon. Doc. 22 at 2. Under Oregon law, juvenile records are confidential unless required by certain parties and under certain circumstances. Doc. 22; Or. Rev. Stat. §§ 419A.255–.258 (2023). Because a 2024 juvenile offense appears to be similar to Defendant's instant charges, the Government requests that the Court order the Washington County Juvenile Department and law enforcement agencies in Washington County, Oregon, to produce Defendant's "police reports,

police referrals, arrest records, and juvenile court records from the Washington County Juvenile Department in Oregon." Doc. 22 at 3.

**DISCUSSION**

Under Oregon law, juvenile records are confidential pursuant to Or. Rev. Stat. § 419A.255 (2023). State law allows certain parties to inspect the juvenile's record of a case, § 419A.255(1)(b), and the supplemental confidential file, § 419A.255(2)(b). State law also allows other parties to inspect or copy the record and supplemental file provided that they comply with certain procedures and file a request with an Oregon court, which has the discretion to grant inspection or copying. *Id.* § 419A.258 (2021). Otherwise, juvenile records remain confidential.

The Government seeks an order from the Court because Oregon law does not identify the Government as a party with permission to access Defendant's juvenile records. Doc. 22 at 3. Defendant opposes the motion, arguing that the release of the juvenile records without a warrant, founded on probable cause, and issued by a neutral adjudicator would constitute an unreasonable search, in violation of the Fourth Amendment. Doc. 25.

## I.    Government's motion meets the requirements of Rule 17(c).

In its motion, the Government states that "we need more than just a subpoena. We request an order from the Court compelling the disclosure." Doc. 22 at 3. Yet, it is unclear to the Court why a subpoena would be insufficient to compel the disclosure of these records. *See Kirkpatrick v. Tigard-Tualatin Sch. Dist.*, No. 3:24-CV-2007-AR, 2025 WL 3228297, at *1 (D. Or. Nov. 19, 2025) (considering motion to quash subpoena to compel the disclosure of juvenile police reports); *Bishop v. Craft-Jones*, 2 F. Supp. 2d 1317, 1318 (D. Or. 1998) (same). And since this is a federal proceeding, the Federal Rules of Criminal Procedure—rather than state-prescribed procedure—apply. Fed. R. Crim. P. ("Rule") 17 governs the production of documents outside regular discovery

2

in a federal criminal proceeding. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).

And the Government acknowledges in its motion that the Federal Rules of Criminal Procedure

apply since it cites Rule 17 and states that it meets the standard required under *United States v.*

*Nixon*, 418 U.S. 683 (1974). Doc. 22 at 2. Thus, the Court interprets the Government's motion as

request for a subpoena *duces tecum* and will analyze the Government's request according to Rule

17(c).

### A.      Rule 17(c) standard.

Rule 17(c) governs the issuance of subpoenas *duces tecum* and enables either party to

obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data,
> or other objects the subpoena designates. The court may direct the witness to
> produce the designated items in court before trial or before they are to be offered in
> evidence. When the items arrive, the court may permit the parties and their
> attorneys to inspect all or part of them.

A Rule 17(c) subpoena *duces tecum* does not provide an additional means of discovery, but rather

"expedite[s] trial by providing a time and place before trial for the inspection of the subpoenaed

materials." *Bowman Dairy Co.*, 341 U.S. at 220. Accordingly, the party seeking issuance of a

subpoena *duces tecum* must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise
> procurable reasonably in advance of trial by exercise of due diligence; (3) that the
> party cannot properly prepare for trial without such production and inspection in
> advance of trial and that the failure to obtain such inspection may tend unreasonably
> to delay the trial; and (4) that the application is made in good faith and is not
> intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at

699–700). To meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2)

admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002)

(quoting *Nixon*, 418 U.S. at 700).

Here the Government seeks the production of "all police reports, police referrals, arrest records, and juvenile court records from the Washington County Juvenile Department in Oregon for Bonifacio Silva (YOB 2007)." Doc. 22 at 3. Yet, the Government only discusses how Defendant's 2024 juvenile offense is relevant, admissible, and specific. *See id.* at 3; Doc. 27 at 2–3. Thus, the Court will only consider the Government's request as it relates to the 2024 juvenile offense. The Government has not met its burden regarding any other documents that may be in Defendant's juvenile record. *See United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993) (failing to establish any one of these requirements precludes reversal of order refusing to issue subpoena); *see also United States v. Allen*, 554 F.2d 398, 407 (10th Cir. 1977) (finding that the court did not err by narrowing subpoena to "all that the circumstances required").

### B.    Relevancy.

First, the Government contends that the 2024 juvenile offense is relevant to the instant charges. To clear the relevancy hurdle, there must be a "sufficient likelihood" that the documents are relevant to the instant charges. *Nixon*, 418 U.S. at 700; *see also Abdush-Shakur*, 465 F.3d at 468 ("Conclusory statements do not establish relevance.").

The 2024 juvenile offense involved unlawful use of a weapon, firearm possession, and menacing.  Here, Defendant has been indicted for second degree murder and use of a firearm in connection with a violent crime. According to the information provided to the Government, the details of the 2024 juvenile offense could potentially provide evidence in Defendant's trial. Doc. 22 at 3; Doc. 27 at 2. Specifically, the Government notes that, because the weapon used in the instant case has not been found, the records could provide necessary corroborative evidence. For example, if the juvenile records reveal that the type or caliber of the 2024 weapon matches the weapon used in the charged offense, it could preempt an age-related defense by pointing to

4

Defendant's understanding and familiarity with certain types of weapons. Doc. 27 at 2. Accordingly, the juvenile records may tend to prove one of the material issues in this case and are relevant to the charges.

Defendant does not counter the Government's argument and, instead, focuses on his Fourth Amendment claim. Thus, based on the information provided by the Government, the Court agrees with the Government and finds that its request clears the relevancy hurdle.

### C.    Admissibility.

Next, the Government states that the information sought could be admissible under Fed. R. Evid. 404(b). Doc. 22 at 3. Defendant counters that the documents within the juvenile records are privileged and would not be admissible at trial because state law forbids it. Doc. 25 at 3 (citing Or. Rev. Stat. § 419A.257(5)(b) (2021). But since this is a federal proceeding, the Court looks to the Federal Rule of Evidence, not state law, to determine admissibility. Under Fed. R. Evid. 501:

> The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Because this is a federal criminal case, state law does not govern whether a privilege applies. *See id.*; *United States v. Gillock*, 445 U.S. 360, 368 (1980). Hence, the Court is not bound by any privilege that Oregon may have created under Section 419A.257(5)(b).

Defendant does not cite any case law to support the recognition of a federal common law privilege regarding juvenile records, and the Court has been unable to find any authority to support that juvenile records are privileged under federal evidentiary rules. *See Pearson v. Miller*, 211 F.3d

57, 72 (3d Cir. 2000) (declining to recognize a privilege under Rule 501 based on the provisions of Pennsylvania's Juvenile Act); *see also Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003) ("Although the district court could have ordered disclosure [of juvenile court records] notwithstanding state law, the file was still presumptively protected until it did."), *abrogated on other grounds by*, *Filarsky v. Delia*, 566 U.S. 377 (2012); 23A *Wright & Miller's Federal Practice & Procedure* § 5428 (1st ed.) ("The common law recognized no special privileges for children."). Therefore, this Court declines to find such a privilege. *See Nixon*, 418 U.S. at 710 ("[T]hese exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth."). Further, as the Court will discuss in addressing Defendant's Fourth Amendment argument, the Constitution also does not bar the admissibility of juvenile records.

Because the 2024 juvenile records are not protected by privilege under Fed. R. Evid. 501, the Court considers whether the records would be admissible. To meet this hurdle, the Government needs to make "a sufficient preliminary showing" that the documents sought are admissible. *Nixon*, 418 U.S. at 700–01.

Here, the Government contends that, if the records demonstrate that the facts surrounding the 2024 juvenile offense are similar to the facts of the charged offense, the information would be admissible as Fed. R. Evid. 404(b) evidence. Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, under Rule 404(b)(2), "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Based on the Government's argument, the Court finds that the juvenile records could potentially be admissible

6

to prove absence of mistake, at a minimum. Although police reports are generally not admissible in criminal matters, *see* Fed. R. Evid. 803(8)(A)(ii), it appears that the 2024 reports would not be offered to prove the truth of the matter asserted, eliminating a hearsay issue.

Based on the information provided by the Government, the Court finds that the Government's request clears the admissibility hurdle. Of course, the Court makes no determination regarding admissibility of any juvenile records at trial, and it will issue rulings when the admissibility issues and evidence are before it.

### D.    Specificity.

Rule 17(c) requires that "the party requesting the information identify the item sought and what the item contains, among other things." *Morris*, 287 F.3d at 991 (citing *Nixon*, 418 U.S. at 699–700). The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221.

The Government seeks the production of "all police reports, police referrals, arrest records, and juvenile court records from the Washington County Juvenile Department in Oregon for Bonifacio Silva (YOB 2007)." Doc. 22 at 3. The Tenth Circuit has previously determined that a request for an entire file was impermissibly nonspecific. *See Morris*, 287 F.3d at 988, 991 (request for "all records, documents, reports, telephone logs, etc., surrounding the investigation into the FBI undercover agent's shooting of Mr. Morris and the agent's entire personnel file" did not overcome specificity hurdle). But as discussed above, the Court considers this request only as it relates to the 2024 juvenile offense, not as to Defendant's entire juvenile file. Therefore, the Court does not find that the subpoena request is insufficiently specific based on its language alone.

More importantly, the Government has a sense of what the requested items will contain and expects to find the type and caliber of the weapon used in the 2024 juvenile offense—information that was not included in the documents received. And since the Government has already reviewed some of the resulting court documents, the Government knows that the requested materials exist. *See id.* (finding that defendant was "unable to specify what the items he requests contain" and "unable to verify whether the requested material even exists").

Based on the information provided by the Government, the Court finds that the Government's request clears the final hurdle. Therefore, the Government has met the requirements of Rule 17(c).

However, given the state's interest in preserving the confidentiality of juvenile records, the Court will require certain protective measures. *See Wright & Miller*, *supra* ("But even in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court proceedings."). Further, the Court is mindful that "[c]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980); *see also Bowman Dairy Co.*, 341 U.S. at 220 ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."). Thus, the Court will require that the releasing state agency redact the personally identifiable information of the victims in the 2024 juvenile offense to preserve their confidentiality. Moreover, the Court will enter a protective order to prevent public disclosure of the records. To that end, the parties must submit a stipulated proposed order for the Court to consider within fourteen (14) days.

**II.    Defendant's Fourth Amendment argument lacks merit.**

Defendant argues that granting the Government's motion, without a properly issued warrant, would constitute an unreasonable search because he has a reasonable expectation of privacy in his juvenile records. Doc. 25.

The Fourth Amendment protects people against unreasonable searches of "their persons, houses, papers, and effects." U.S. Const. amend. IV; *Soldal v. Cook County*, 506 U.S. 56, 62 (1992). A government's conduct is a "search" under the Fourth Amendment when (1) a defendant has manifested a subjective expectation of privacy in the area searched and (2) a defendant's expectation is one that society would recognize as objectively reasonable. *Carpenter v. United States*, 585 U.S. 296, 304 (2018); *Smith v. Maryland*, 442 U.S. 735, 740 (1979); *United States v. Hay*, 95 F.4th 1304, 1317 (10th Cir. 2024). Generally, "the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time of the subpoena is issued." *United States v. Miller*, 425 U.S. 435, 444 (1976).

The Court's inquiry turns on whether Defendant's expectation is objectively reasonable. Defendant states that, because Oregon law protects his expectation of privacy, society would consider his expectation to be objectively reasonable. To support his argument, Defendant solely relies on Oregon law. He points out that state law requires the Government to submit an affidavit, state law only allows inspection or copying for a purpose related to a juvenile court proceeding, and state law prohibits juvenile records from being used to establish criminal liability. Doc. 25 at 3. Defendant also argues that Section 419A.257(5)(a) requires Defendant's consent for production of the records to the Government since the law does not identify the Government as a party with permission to access the juvenile records. Doc. 25 at 4. Because Defendant opposes the release, he

9

concludes that granting inspection or copying would violate the Constitution and state law. *Id.* In its reply, the Government does not directly address whether Defendant has a reasonable expectation of privacy in his juvenile records. Instead, the Government points out that Oregon law recognizes that disclosure is appropriate under some circumstances and Section 419A.258, which provides for a procedure that allows a non-identified entity to inspect or copy juvenile records, subject to the discretion of the state court. Doc. 27 at 2–3.

First, the Court has not found any circuit cases recognizing a reasonable expectation of privacy in juvenile records. *See J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981) (dissemination of juvenile court records did not violate any federal constitutional privacy right); *United States v. Jiles*, 658 F.2d 194, 199–200 (3d Cir. 1981) (disclosure of photograph in appellee's juvenile records in violation of state law "did not violate appellee's constitutional rights"); *United States v. T.E.S.*, 165 F.3d 913, 1998 WL 774144, at *1 (4th Cir. Nov. 6, 1998) (per curiam) (unpublished) (no reasonable expectation of privacy where state law allowed release of juvenile records upon "good cause shown" and federal district court obtained records as statutorily required to determine whether to transfer juvenile to adult criminal jurisdiction); *see also Davis v. Alaska*, 415 U.S. 308, 318 (1974) (anonymity provided to a juvenile offender is a matter of state policy). As a result, persuasive case law indicates that Defendant's argument will fail.

Next, looking at the facts of the case, the Court is further convinced that society would not recognize Defendant's expectation as objectively reasonable. The Government is seeking the records to gather evidence related to the instant charges against Defendant, not to publicly release or broadly disseminate the records. *See J.P.*, 653 F.2d at 1090; *see also Soucie v. County of Monroe*, 736 F. Supp. 33, 36–37 (W.D.N.Y. 1990) (plaintiff stated claim for violation of privacy

right when presentence report was publicly disclosed because plaintiff had a reasonable expectation in keeping juvenile records private). Oregon law allows an entity like the Government to seek the disclosure of the juvenile records, which a court could then release after considering the interests involved and the need of the requesting entity. *See* Or. Rev. Stat. § 419A.258(6)–(7); *see also T.E.S.*, 1998 WL 774144, at \*1. Further, while a court considers an objection made by a party, § 419A.258(5)–(6), such an objection would not necessarily defeat an entity's request. Thus, Defendant's expectation that his juvenile records remain unattainable except by his express consent—despite the language of Section 419A.258 indicating otherwise—is not objectively reasonable.[1]

For the above reasons, the Court does not find that Defendant has a reasonable expectation of privacy in his juvenile records; the disclosure of the records would not constitute a "search" under the Fourth Amendment.

### CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' Opposed Motion to Produce Juvenile Court and Law Enforcement Records (Doc. 22) is **GRANTED in part** and **DENIED in part** as follows:

1. The Government may obtain, and the Clerk's office shall issue, a subpoena consistent with this order.

2. The Government shall be responsible for service of the subpoena upon the third-party.

---

[1] In the last second-to-last sentence of his response, and without citing any case law, Defendant also mentions that release of his juvenile records would present a Tenth Amendment issue because it would violate Oregon law. Doc. 25 at 4. But, since Oregon allows for inspection or copying of records to non-named entities who legitimately need them, § 419A.258, the Court is not convinced that the release of Defendant's records under these circumstances would constitute a violation of state law or the Tenth Amendment.

3. The requested materials shall be due no later than thirty (30) days from the date of receipt of the subpoena by the third-party.

4. As envisioned under Rule 17(c)(1), the third-party shall produce the requested material and documents to the Court, at which time the Court will notify both parties that the documents are available for inspection and copying, unless the parties mutually agree upon a different designated place for delivery and inspection of the documents, in which case the Government shall notify the third-party on the mutually acceptable location for delivery.

5. The third-party shall have thirty (30) days from the date it receives the Subpoena to file a motion to quash the Subpoena in accordance with Fed. R. Crim. P. 17(c)(2). If the third-party files a motion to quash within the time period allowed as to some but not all of the documents, those documents not subject to an objection shall be produced no later than thirty (30) days from the date of receipt of the Subpoena by the third party.

6. The requested materials shall be produced at the following address (unless otherwise agreed by the parties, as described above):

> Chambers of United States District Judge Kea Riggs
>
> Pete V. Domenici United States Courthouse
>
> 333 Lomas Boulevard, N.W., Suite 740
>
> Albuquerque, New Mexico 87102

7. The parties must submit a stipulated proposed protective order within fourteen (14) days.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE