# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                        Case No. 1:26-cr-00497-KWR

BONIFACIO SILVA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR PROTECTIVE ORDER

**THIS MATTER** comes before the Court on the United States' Opposed Motion for a Protective Order (Doc. 30). The motion seeks to prohibit the dissemination and disclosure of Defendant Bonifacio Silva's juvenile court and law enforcement records to any third-party. Having reviewed the Government's motion, Defendant's notice, and applicable law, the Court finds that the Government's motion is well-taken and, therefore, is **GRANTED**.

## BACKGROUND

Defendant is charged with second degree murder, in violation of 18 U.S.C. §§ 1152 and 1111, and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Doc. 13 (Redacted Indictment). Included in the Government's initial discovery and the pretrial services report was a reference to a 2024 juvenile offense committed in Oregon. Doc. 22 at 2. Under Oregon law, juvenile records are confidential unless required by certain parties and under certain circumstances. Doc. 22; Or. Rev. Stat. §§ 419A.255–.258 (2023). Because the 2024 juvenile offense appears to be similar to Defendant's instant charges, the Government requested that the Court order the Washington County Juvenile

Department and law enforcement agencies in Washington County, Oregon, to produce Defendant's "police reports, police referrals, arrest records, and juvenile court records from the Washington County Juvenile Department in Oregon." Doc. 22 at 3.

On July 7, 2026, the Court granted the Government's request as to the 2024 juvenile offense and ordered the issuance of a subpoena to compel the release of Defendant's juvenile records in Washington County, Oregon. Doc. 28.  In its order, the Court found that the Government's request met Federal Rule of Criminal Procedure ("Rule") 17(c). *Id.* at 8. And, after considering the state's interest in protecting the confidentiality of juvenile records, the Court required certain limiting measures to protect the privacy of parties involved in the 2024 juvenile offense, including the redaction of personally identifiable information of the victims and a Rule 16(1)(d)(1) protective order to prevent disclosure of Defendant's juvenile record to third parties. *Id.* To that end, the Court required the parties to submit a stipulated proposed protective order within fourteen days. *Id.*

On July 21, 2026, the Government filed an opposed motion for a protective order, Doc. 30, and Defendant notified the Court that he believed that requiring Defendant to take part in the release of the records and stipulate to a protective order would amount to compelled self-incrimination, Doc. 29 at 2.

### DISCUSSION

"[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).  Rule 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Typically, a party can show good cause when it demonstrates that disclosure

of the materials will cause a specific and significant harm that outweighs the opposing party's interest. *See, e.g.*, *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (stating good cause exists when a party will receive a "clearly defined, specific, and serious injury"). Rule 16(d)(1) is "permissive" and does not require disclosure. *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir. 1991) (rule authorizes district court to limit or otherwise regulate discovery). The party moving for a protective order bears the burden of establishing good cause. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, the Government asserts that "[t]here is good cause for the order based on the importance in protecting juvenile records and ensuring these records are not unlawfully disclosed to any persons or entities not a party to this case." Doc. 30 at 2. The Court agrees, as discussed in its order granting a subpoena *duces tecum*. *See* Doc. 28 at 8 (citing 23A *Wright & Miller's Federal Practice & Procedure* § 5428 (1st ed.) ("But even in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court proceedings.")). Under Oregon law, juvenile records are confidential unless required by certain parties and under certain circumstances. Or. Rev. Stat. §§ 419A.255–.258 (2023). And, when these records are released pursuant to state law, the state court must issue an order to protect the privacy of the juvenile. Section 419A.258(7)(d). Thus, the Court finds that there is good cause to issue a protective order to protect Defendant's privacy.

In its order granting the Government's request, the Court ordered the parties to file a stipulated proposed protective order. Doc. 28 at 8. Rather than stipulating to a proposed order, Defendant notified the Court that he believed that requiring Defendant to stipulate to a protective order and take part in the release of the records would amount to compelled self-incrimination. Doc. 29 at 2. The Court doubts that Defendant's participation in the protective order would be

3

"testimonial" because Washington County, not Defendant, is the custodian of the documents and will be producing the juvenile record. *See United States v. Hubbell*, 530 U.S. 27, 35–37 (2000). The protective order does not require Defendant to "admit that the papers existed, were in his possession or control, or were authentic." *See id.* at 36. The Government has independent knowledge of the existence of the records since the pretrial services report and initial discovery revealed the existence of the offense and an overview of the conduct involved. *See id.* at 32, 43. And the act of stipulating to a protective order does not require Defendant "to make extensive use of 'the contents of his own mind'" to identify documents responsive to the subpoena. *See id.* at 43 (quoting *Curcio v. United States,* 354 U.S. 118, 128 (1957)). Nevertheless, the Court will not require Defendant to stipulate to a protective order.

For the above reasons, the Court finds that the Government's request for a protective order under Rule 16(d)(1) is appropriate and warranted. The Court hereby **GRANTS** the Government's motion (**Doc. 30**).

**IT IS THEREFORE ORDERED** that the United States and defense counsel shall restrict access to the juvenile records and restrict disclosure and dissemination of these juvenile records to any persons or entities not a party to this case.

    a.     The confidential material shall not be shown or otherwise provided or disclosed to individuals other than:

        i.     The Court;

        ii.     The Court's staff;

        iii.     Counsel for Defendant;

        iv.     Counsel for the United States assigned to work on the case;

v.      Employees of such attorney to whom it is reasonably necessary that the material be shown for the purposes of this action;

vi.      Witnesses and their counsel and potential witnesses and their counsel, as needed;

vii.      Expert witnesses who may consult or testify in this matter.

b.      The parties shall ensure the confidential material are redacted from any documents filed with the court (unless filed under seal) and from any exhibits offered at trial; and;

c.      Individuals to whom confidential material is shown or otherwise provided must be provided with a copy of this protective order and agree to be bound by its terms prior to being shown or otherwise provided with any material.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

5